IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Mary McGregor, | : <br> : <br> : Civil Action No.: 2:13-cv-12212 <br> : <br> : <br> : <br> : **DEMAND FOR JURY TRIAL** <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| NCO Financial Systems Inc., | |
| Defendant. | |

### COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Mary McGregor, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Mary McGregor ("Plaintiff"), is an adult individual residing in Waterford, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant NCO Financial Systems Inc. ("NCO"), is a Pennsylvania business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. NCO at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCO Engages in Harassment and Abusive Tactics

10. Within the last year, Defendant contacted Plaintiff in an attempt to collect the Debt.

11. Defendant had placed calls for not only the Debt that Plaintiff allegedly incurred, but also for several other unknown individuals, including a Richard Lacruskra, John O'Berry, Laura O'Connor, Jeffrey Sherwood, and Anthony White.

12. During Plaintiff's initial communication with Defendant and each communication thereafter, Plaintiff informed Defendant that she was not any of those individuals, and furthermore, to cease calls to Plaintiff regarding any other individuals.

13. Despite Plaintiff's pleas, Defendant continued to place numerous calls each day to Plaintiff's home telephone.

14. At times, Plaintiff had advised Defendant that she did not know any of the above-mentioned individuals that Defendant were looking for, yet minutes later, Defendant would place an additional call to Plaintiff.

15. In addition, on November 1, 2012, Defendant placed a call to Plaintiff as early as 7:57 a.m.

**Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

5. Punitive damages against Defendant; and

6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 17, 2013

Respectfully submitted,

By: */s/ Sergei Lemberg*  
Sergei Lemberg, Esq.  
Attorney for Plaintiff Mary McGregor  
LEMBERG & ASSOCIATES L.L.C.  
1100 Summer Street  
Stamford, CT 06905  
Telephone: (203) 653-2250  
Facsimile:  (888) 953-6237  
Email: slemberg@lemberglaw.com